# Order

**Michigan Supreme Court**
**Lansing, Michigan**

October 8, 2010

141129

Marilyn Kelly,
Chief Justice

Michael F. Cavanagh
Maura D. Corrigan
Robert P. Young, Jr.
Stephen J. Markman
Diane M. Hathaway
Alton Thomas Davis,
Justices

PEOPLE OF THE STATE OF MICHIGAN,
      Plaintiff-Appellee,

v

JAMES ERIC THOMPSON,
      Defendant-Appellant.

SC: 141129
COA: 296578
Shiawassee CC: 08-007306-FC

_____/

On order of the Court, the application for leave to appeal the April 2, 2010 order of the Court of Appeals is considered and, pursuant to MCR 7.302(H)(1), in lieu of granting leave to appeal, we VACATE the sentence of the Shiawassee Circuit Court, and we REMAND this case to the trial court for resentencing. Any movement of the complainant by the defendant was incidental to commission of the crime and did not amount to asportation. See *People v Spanke*, 254 Mich App 642 (2003). On remand, the trial court shall correct the scoring of OV 8 (victim asportation or captivity) accordingly. In all other respects, leave to appeal is DENIED, because we are not persuaded that the remaining question presented should be reviewed by this Court.

We do not retain jurisdiction.

YOUNG, J. (*dissenting*).

The defendant in this case pled guilty to two counts of first-degree criminal sexual conduct, MCL 750.520b, for having sexual relations with his stepdaughter. By his own admission, defendant had sexual contact with the victim some seventy times, beginning when the victim was approximately 13 years old. The sexual contact always occurred either in the defendant's bedroom or the victim's bedroom, a place of relative seclusion where the defendant could victimize his stepdaughter without interruption by defendant's

young son.[1]  As a result of defendant's guilty plea, he was sentenced to 13-30 years imprisonment.

At issue is the scoring of OV-8, which considers the asportation (movement) or captivity of the victim during the commission of a felony.  Relevant to this appeal, MCL 777.38 provides that 15 points may be assessed where a victim is "asported to another place of greater danger or to a situation of greater danger … ."  The record clearly reflects that the victim was moved to accomplish the rapes in the seclusion of a bedroom.

The majority remands this case to the trial court for resentencing, concluding that OV-8 was misscored because "[a]ny movement of the complainant by the defendant was incidental to the commission of the crime and did not amount to asportation."  It is hard other than to conclude that the majority has essentially determined that moving a victim to a bedroom to be raped negates the "asportation" requirement because, after all, a bedroom is a traditionally favored location for sexual activity.  Such a location is apparently "incidental to the commission of" rape.

The plain language of the statute indicates that fifteen points is properly scored if the victim was asported to a "place of greater danger."  Certainly, the victim being asported by the defendant to either bedroom placed her "in greater danger" of being raped, as the asportation resulted in her being sexually assaulted by the defendant in seclusion and away from places where his criminal act might be detected or interrupted.

The majority errs in basing its decision whether OV-8 was properly scored on considerations other than those contemplated by the plain language of the statute.  Simply put, there is no "bedroom exception" to OV-8.  Because the Court of Appeals reached the only reasonable conclusion based on the facts of the case and the plain language of OV-8, I would deny leave to appeal.

CORRIGAN, J., joins the statement of YOUNG, J.

---

[1] In the Presentence Investigative Report, the victim indicated that when the sexual assaults occurred "her mother was always working and her little brother was either home taking a nap or somewhere else in the house."



I, Corbin R. Davis, Clerk of the Michigan Supreme Court, certify that the foregoing is a true and complete copy of the order entered at the direction of the Court.

October 8, 2010

_Corbin R. Davis_
Clerk

p1005