# Order

**Michigan Supreme Court**
**Lansing, Michigan**

October 28, 2011

143403

Robert P. Young, Jr.,
Chief Justice

Michael F. Cavanagh
Marilyn Kelly
Stephen J. Markman
Diane M. Hathaway
Mary Beth Kelly
Brian K. Zahra,
Justices

PEOPLE OF THE STATE OF MICHIGAN,
            Plaintiff-Appellee,

v

LEONARD GORDON FLAGEL,
            Defendant-Appellant.

SC: 143403
COA: 303471
Chippewa CC: 10-000486-FH

_____/

On order of the Court, the application for leave to appeal the May 26, 2011 order of the Court of Appeals is considered, and it is DENIED, because we are not persuaded that the question presented should be reviewed by this Court.

YOUNG, C.J. (*concurring*).

In this case, the 75-year-old defendant sexually assaulted the 8-year-old victim over the course of a year. He pleaded guilty to three counts of criminal sexual conduct in the second degree. At sentencing, defendant was scored 15 points under offense variable 8 (OV 8) for asportation of a victim to a place of greater danger because he took the victim to his hot tub or isolated places on the beach in order to sexually assault her. On appeal here, defendant argues that the trial court erred in assessing these points, relying on this Court's order in *People v Thompson*, which held that where movement of a victim is "incidental to commission of the crime," it does not amount to asportation.[1]

As I stated in *Thompson*: there is no "bedroom exception" to OV 8, and thus even where a defendant takes a victim to places that are "traditionally favored location[s] for

---

[1] 488 Mich 888 (2010). In *Thompson*, the defendant had sexual relations with his 13-year old stepdaughter on over 70 occasions, always in the defendant's or victim's bedroom—places of relative seclusion where the victimization could occur without interruption or discovery by another person in the house.

sexual activity," he may still be assessed points pursuant to OV 8 if that asportation is to a place or situation of greater danger.[2]  Contrary to defendant's view, this Court's order in *Thompson* should not be read as having created a categorical new exception to OV 8 covering favored locations for sexual activity, such as a bedroom or, apparently, a hot tub or isolated place at the beach.

Because defendant took the victim to places of greater danger where others were less likely to discover defendant committing the sexual assaults, he was appropriately assessed 15 points under OV 8.

---

[2] See *People v Thompson*, 488 Mich 888, 889 (2010) (YOUNG, J., joined by CORRIGAN, J., dissenting).



I, Corbin R. Davis, Clerk of the Michigan Supreme Court, certify that the foregoing is a true and complete copy of the order entered at the direction of the Court.

October 28, 2011



Clerk

p1025