# STATE OF MICHIGAN

# COURT OF APPEALS

PEOPLE OF THE STATE OF MICHIGAN,

        Plaintiff-Appellee,

v

JOSEPH PAUL,

        Defendant-Appellant.

UNPUBLISHED
June 27, 2017

No. 331477
Wayne Circuit Court
LC No. 15-003300-01-FC

Before: SAWYER, P.J., and SERVITTO and RIORDAN, JJ.

PER CURIAM.

Defendant appeals by right the sentence imposed after his jury trial conviction of first-degree criminal sexual conduct, MCL 750.520b. He was sentenced as a second habitual offender, MCL 769.10, to 8½ to 25 years' imprisonment, with credit for 303 days. We affirm.

On March 22, 2015, defendant was attending an event at his church. While there, defendant pulled a fourteen year old girl into a classroom in the church basement and sexually assaulted her. The assault ended when the girl's adult brother walked into the classroom, at which point defendant jumped up and left the church. The girl was taken to a nurse for a medical examination and defendant was criminally charged for his actions.

Defendant contends that the trial court erred in scoring Offense Variables (OVs) 3 and 8 and that he is entitled to resentencing. When reviewing a trial court's scoring decision, the trial court's "factual determinations are reviewed for clear error and must be supported by a preponderance of the evidence." *People v Hardy*, 494 Mich 430, 437-438; 835 NW2d 340 (2013). "Whether the facts, as found, are adequate to satisfy the scoring conditions prescribed by statute, i.e., the application of the facts to the law, is a question of statutory interpretation, which an appellate court reviews de novo." *Id.* (footnotes omitted).

In a post-conviction motion for resentencing, defendant argued that OV 3 (physical injury to a victim), MCL 777.33, was improperly scored at 10 points and should have been scored at zero. At the motion hearing, the prosecutor agreed that Offense Variable 3 was improperly scored at 10 points but argued that the score should be reduced to 5 points. The trial court agreed with the prosecutor and lowered the score for OV 3 to 5 points. On appeal, defendant again argues that OV 3 should have been scored at zero. We disagree.

MCL 777.33 provides in pertinent part:

(1) Offense variable 3 is physical injury to a victim. Score offense variable 3 by determining which of the following apply and by assigning the number of points attributable to the one that has the highest number of points:

(a) A victim was killed                                                                    100 points

(b) A victim was killed                                                                     50 points

(c) Life threatening or permanent incapacitating injury occurred to a victim                                                                              25 points

(d) Bodily injury requiring medical treatment occurred to a victim     10 points

(e) Bodily injury not requiring medical treatment occurred to a victim    5 points

(f) No physical injury occurred to a victim                                          0 points

* * *

(3) As used in this section, "requiring medical treatment" refers to the necessity for treatment and not the victim's success in obtaining treatment.

In making his argument, defendant relies on *People v Armstrong*, 305 Mich App 230; 851 NW2d 856 (2014). In *Armstrong*, OV 3 was scored at 10 points. *Id*. at 245. The defendant argued that this was an improper score because there was no evidence that the complainant received or required medical treatment. *Id*. The Court agreed that there was no evidence that the complainant received any medical treatment, holding:

> Were we to construe OV 3 in a way that would allow courts to assume that all bodily injuries require medical treatment, when there is no evidence that treatment was necessary, it would render MCL 777.33(1)(e)—which concerns injuries that do *not* require medical treatment—surplusage. We decline to do so. [*Id*. at 246 (emphasis in original).]

Therefore, the *Armstrong* Court reduced the defendant's score of 10 points for OV 3 to 5 points ("Bodily injury not requiring medical treatment occurred to a victim"). *Id*. at 248.

We find defendant's reliance on *Armstrong* for the contention that his score for OV 3 should be zero is misplaced. In *Armstrong*, as here, the Court reduced the defendant's score for OV 3 from 10 points to 5 points, because there was an injury that did not require medical treatment. In the present case the registered nurse who performed the forensic examination on the victim and found a "hicky" (a circular bruise) on the victim's neck. The bruise was caused by defendant sucking on the skin, which resulted in broken capillaries. The bruise did not require medical treatment. The bruise was clearly a "[b]odily injury not requiring medical treatment," which is to be scored at 5 points. MCL 777.33(1)(e). The preponderance of the

evidence supports a score of 5 points for OV 3. Therefore, the trial court did not clearly err in finding that OV 3 should be reduced from 10 points to 5 points.

Defendant next contends that OV 8, which addresses victim asportation or captivity, was erroneously scored at 15 points because the victim was not asported to another place of greater danger. He argues that taking the victim into the classroom was merely "incidental" to the commission of the offense because he did not lock or shut the door to the room and the room remained accessible for the victim's brother to easily enter the room. Therefore, defendant argues that OV 8 should be scored at zero points. We disagree.

Offense variable 8, MCL 777.38, provides, in pertinent part:

> (1) Offense variable 8 is victim asportation or captivity. Score offense variable 8 by determining which of the following apply and by assigning the number of points attributable to the one that has the highest number of points.
>
> (a) A victim was asported to another place of greater danger or to a situation of greater danger or was held captive beyond the time necessary to commit the offense                                                 15 points
>
> (b) No victim was asported or held captive          0 points

A victim is asported to a place or situation involving greater danger when moved away from the presence or observation of others. *People v Chelmicki*, 305 Mich App 58, 70-71; 850 NW2d 612 (2014). In *Chelmicki*, the defendant challenged the scoring of OV 8 at 15 points. The facts showed that the victim was standing on the balcony of her apartment, visible to her neighbors who lived in the apartment directly below her, when the defendant came outside and dragged her back inside the apartment. *Id*. at 71. The Court held:

> The victim was thus asported to a place of greater danger because she was moved away from the balcony, where she was in the presence or observation of others, to the interior of the apartment, where others were less likely to see defendant committing a crime. Accordingly, there was no plain error in the scoring of OV 8. [*Id.*]

Defendant relies upon *People v Thompson*, 488 Mich 888; 788 NW2d 677 (2010), a Supreme Court order that cites *People v Spanke*, 254 Mich App 642; 658 NW2d 504 (2003), in support of his position. *Thompson* and *Spanke* held that the movement of the complainant by the defendant was incidental to the commission of the crime and did not amount to asportation. However, both *Thompson* and *Spanke* have been overruled by *People v Barrera*, __ Mich __; 892 NW2d 789 (2017). In *Barrera*, our Supreme Court held that the term "asported" as used in OV 8 should be defined according to its plain meaning and that under its plain meaning, "movement of a victim that is incidental to the commission of a crime nonetheless qualifies as asportation." *Barrera*, slip op at 3.

In this case, the victim was going up the stairs from the basement of a church to the upper level to join the congregation for the service when defendant reached out and pulled her by her wrist into a deserted room, which had once been used as a classroom. Her friend testified that as

she was going up a different stairway, she saw the victim get pulled into the classroom. Therefore, if defendant had not pulled the victim into the classroom, his acts could have clearly been seen by others in the congregation. Defendant contends that the door was neither locked nor shut. Although defendant did not lock the door, the facts show that he shut it enough to provide privacy. The victim's brother testified that he turned the handle on the door and the door opened easily. The brother testified that the door was not closed all the way, but he did not see the victim behind the door in the corner until he opened the door. The victim testified that defendant pulled her into the room and closed the door "[a]ll the way" and then he pulled her behind the door into a corner where he forced her to the ground. We find that even if the door was not shut all the way, it was shut enough to provide a place where they could not be seen and where her voice would probably not be heard. As in *Chelmicki* and *Barrera*, the victim here was asported to a place of greater danger because she was pulled away from the stairs where she could be seen into an abandoned classroom where she could not be seen and where she would probably would not be heard. Therefore, there was no error in scoring OV 8 at 15 points.

Because there was no error in scoring the guidelines and defendant's minimum sentence is within the appropriate guidelines sentence range, this Court must affirm defendant's sentence. MCL 769.34(10).[1]

Affirmed.

/s/ Deborah A. Servitto
/s/ David H. Sawyer
/s/ Michael J. Riordan

---

[1] Defendant also maintains in his statement of the issues that his trial counsel was ineffective for failing to object to the scoring of OV 3 and 8, but he has not put forth any argument or discussion in his brief to support this claim. The failure to brief the merits of an allegation of error with factual or relevant legal support constitutes an abandonment of the issue. *People v Iannucci*, 314 Mich App 542, 547; 887 NW2d 817 (2016). Regardless, because we find no error requiring resentencing, any error on the part of defendant's attorney in failing to object was harmless, and we need not further address the allegation of ineffective assistance of counsel.