PEOPLE v CHELMICKI

Docket No. 313708. Submitted February 4, 2014, at Detroit. Decided
April 24, 2014, at 9:05 a.m. Leave to appeal sought.

Eric M. Chelmicki was convicted following a jury trial in the Macomb
Circuit Court, Edward A. Servitto, Jr., J., of domestic assault, MCL
750.81(2), and unlawful imprisonment, MCL 750.349b, after an
altercation with his girlfriend. Defendant appealed. In the Court of
Appeals, defendant moved to remand the case to the trial court for
reconsideration of the scoring of Offense Variable (OV) 4 of the
sentencing guidelines. The Court of Appeals granted the motion to
remand, retaining jurisdiction of the appeal. On remand, the trial
court rescored OV 4 and resentenced defendant. The Court of
Appeals then addressed the remainder of the issues raised by
defendant on appeal.

The Court of Appeals *held*:

1. Hearsay is a statement, other than the one made by the
declarant while testifying at the trial or hearing, offered in
evidence to prove the truth of the matter asserted. Hearsay is
generally prohibited, but may be admitted if one of the hearsay
exceptions listed in the Michigan Court Rules applies. Under MRE
803(1), a hearsay statement may be admitted if (1) the statement
provides an explanation or description of the perceived event, (2)
the declarant personally perceived the event, and (3) the explana-
tion or description was made at a time substantially contempora-
neous with the event. Under MRE 803(5), a hearsay statement
contained in a writing may be admitted if (1) the document
pertains to matters about which the declarant once had knowl-
edge, (2) the declarant has an insufficient recollection of those
matters at trial, and (3) the document was made or adopted by the
declarant while the matter was fresh in his or her memory. In this
case, the prosecution read into the record several statements
written by the victim for the police on the night of the incident
after the victim was unable to recall all the details of the incident
when testifying at defendant's trial. All the statements in question
were admissible under MRE 803(1) and (5), and the trial court did
not abuse its discretion by admitting the statements to which

defendant objected. Nor was there plain error regarding the statements for which no objection was made at trial.

2. A person commits the crime of unlawful imprisonment if he or she knowingly restrains another person in order to facilitate the commission of another felony. In this case, the predicate felony at issue was arson, MCL 750.77(1)(d)(i), as amended by 1998 PA 312. Defendant challenged whether there was sufficient evidence that he possessed the intent to willfully and maliciously set fire to or burn the building. The trial court properly rejected defendant's request for a directed verdict on the issue given the evidence that defendant told the victim that he had turned on the gas in the apartment in order to kill them both and given evidence that the victim told her neighbors during the incident that defendant had turned on the gas and was attempting to blow up the apartment complex.

3. Criminal defendants have the right to a unanimous jury verdict, and it is the duty of the trial court to properly instruct the jury regarding the unanimity requirement. When a statute lists alternative means of committing an offense that in and of themselves do not constitute separate and distinct offenses, jury unanimity is not required with regard to the alternative theories. The unlawful imprisonment statute expressly provides alternative theories under which a defendant may be convicted. The alternative theories each relate to a single element of the offense and are merely different ways of establishing that element. Accordingly, no specific unanimity instruction is required with regard to those theories. Defendant was properly convicted even if some jurors believed he restrained the victim by means of a weapon and some believed he restrained the victim in order to facilitate the commission of the felony of arson.

4. Under OV 8, MCL 777.38, 15 points may be assessed if (1) the defendant transported the victim to another place of greater danger, (2) the defendant transported the victim to a situation of greater danger, or (3) the defendant held the victim captive beyond the time necessary to commit the offense. The crime of unlawful imprisonment can occur even if the victim is held only for a moment. In this case, defendant continued to hold the victim against her will after dragging her into the apartment, thereby holding her longer than the time necessary to commit the offense. Additionally, by moving the victim from the apartment balcony where she was visible to her neighbors to the inside of the apartment, defendant moved the victim to a place or situation involving greater danger. Accordingly, there was no plain error in the scoring of OV 8.

5. Under OV 1, MCL 777.31, 10 points may be assessed if the victim was touched by any type of weapon not specifically listed in MCL 777.31(1)(a) through (c). The offense variables are generally offense specific, meaning that only conduct related to the offense may be considered when scoring the offense variables unless the variable being scored specifically provides otherwise. But in considering the sentencing offense, the trial court may properly consider all of the defendant's conduct during that offense. In this case, defendant's act of holding a BB gun to the victim's head was conduct that occurred during the offense of unlawful imprisonment. Therefore the trial court did not err by assessing 10 points under OV 1.

Affirmed.

CRIMINAL LAW — UNLAWFUL IMPRISONMENT — JURY UNANIMITY.

When a statute lists alternative means of committing an offense that in and of themselves do not constitute separate and distinct offenses, jury unanimity is not required with regard to the alternative theories; the unlawful imprisonment statute expressly provides alternative theories under which a defendant may be convicted; the alternative theories each relate to a single element of the offense and are merely different ways of establishing that element; no specific unanimity instruction is required with regard to those theories (MCL 750.349b).

*Bill Schuette*, Attorney General, *Aaron D. Lindstrom*, Solicitor General, *Eric J. Smith*, Prosecuting Attorney, *Joshua D. Abbott*, Chief Appellate Attorney, and *Betsy Mellos*, Assistant Prosecuting Attorney, for the people.

*Mark G. Butler* for defendant.

Before: MURPHY, C.J., and M. J. KELLY and RONAYNE KRAUSE, JJ.

PER CURIAM. Defendant Eric Michael Chelmicki was convicted by a jury of domestic assault, MCL 750.81(2), and unlawful imprisonment, MCL 750.349b. He was sentenced to 26 days' imprisonment for the domestic assault conviction and to 50 months to 15 years' imprisonment for the unlawful-imprisonment conviction. Fol-

lowing this Court's order remanding this case for the rescoring of an offense variable, defendant was resentenced to the same term. He appeals as of right. We affirm.

Defendant and the victim were in a dating relationship and lived together in an apartment. On the evening these crimes occurred, they were drinking alcohol and an argument started over an eviction notice the victim had received earlier that day. Defendant became increasingly upset and began to yell. The victim attempted to remove herself from the situation by walking outside onto the balcony of the apartment. Though the victim had trouble at trial recalling the events of the night, she testified that at some point she tried to climb down the fire escape attached to the balcony, however defendant came outside, grabbed her by her coat and dragged her back into the apartment. The victim recalled that she had broken blood vessels in her wrists after the assault. The victim's neighbors, who lived in the apartment below, witnessed some of the events, and also testified that while on the balcony, the victim told them that defendant had turned the apartment stove's gas burners on and was attempting to "blow up" the apartment complex. The neighbors called the police. When officers arrived, they kicked in the door to the apartment, however defendant had jumped out the bedroom window. One officer testified that upon entering the apartment, the victim, who was visibly upset and crying, told the officers that defendant had put a gun to her head. Defendant was subsequently located and arrested. Police recovered a BB gun from the apartment.

Defendant first argues the trial court erred by admitting hearsay statements made by the victim, which were contained in the witness statement she had writ-

ten for the police on the night of the incident. At trial, the prosecution allowed the victim to read her police statement in an effort to refresh her recollection of the events. She recalled certain events after reading it, but otherwise testified that the statement did not refresh her recollection. In response, the prosecution read several statements made by the victim into the record, including (1) that defendant " 'turned the gas on in the kitchen to kill us both. He had me by the throat when he had the BB gun. He told me the cops could kill him, he didn't care' "; (2) that defendant " 'broke my blood vessels in my wrists, put a . . . BB gun to my head and told me to call the cops' "; (3) that defendant " 'grabbed me by my coat, drug me across the kitchen floor, he broke a blood vessel in my wrist. He put his BB gun to my head and told me to call the cops' "; (4) that defendant " 'pinned me down to the bed and would not let me open the door for the police' "; and (5) that defendant " 'had me by the throat when he had the BB gun, he told me the cops could kill him, he didn't care[.]' " Defendant did not object to the first two statements, and his objections on hearsay grounds to the latter three were overruled by the trial court upon its finding that the statements were both a present sense impression and a past recollection recorded.

When the issue is preserved, we review a trial court's decision to admit evidence for an abuse of discretion, but review de novo preliminary questions of law, such as whether a rule of evidence precludes admissibility. *People v Lukity*, 460 Mich 484, 488; 596 NW2d 607 (1999). We review unpreserved errors for plain error affecting substantial rights. *People v Carines*, 460 Mich 750, 763-764; 597 NW2d 130 (1999). Hearsay is "a statement, other than the one made by the declarant while testifying at the trial or hearing, offered in evidence to prove the truth of the matter asserted."

MRE 801(c). "Hearsay is generally prohibited and may only be admitted at trial if provided for in an exception to the hearsay rule." *People v Gursky*, 486 Mich 596, 606; 786 NW2d 579 (2010). See also MRE 802 ("Hearsay is not admissible except as provided by these rules.").

We conclude that the statements contained in the victim's police statement were hearsay. However, we agree with the trial court that the statements were admissible either as a present sense impression or as a past recollection recorded. MRE 803(1), the exception for present sense impressions, allows for the admission of a hearsay statement if three requirements are met: (1) the statement must provide an explanation or description of the perceived event, (2) the declarant must have personally perceived the event, and (3) the explanation or description must have been made at a time "substantially contemporaneous" with the event. *People v Hendrickson*, 459 Mich 229, 236; 586 NW2d 906 (1998) (opinion by KELLY, J.). See also MRE 803(1). All three requirements are met in this case. The statement provided a description of the events that took place inside the apartment and the victim perceived the event personally. Lastly, the statement was made at a time "substantially contemporaneous" with the event, as the evidence showed, at most, a lapse of 15 minutes between the time police entered the apartment and the time the victim wrote the statement. MRE 803(1) "recognizes that in many, if not most, instances precise contemporaneity is not possible and hence a slight lapse is allowable." *Hendrickson*, 459 Mich at 236 (opinion by KELLY, J.) (noting an instance in which a 16-minute interval was held to satisfy the "substantially contemporaneous" requirement).

Alternatively, the statements were admissible under MRE 803(5), the exception for a past recollection recorded. That exception allows for the admission of a hearsay statement contained in a writing if (1) the document pertains to matters about which the declarant once had knowledge, (2) the declarant has an insufficient recollection of those matters at trial, and (3) the document was made or adopted by the declarant while the matter was fresh in his or her memory. *People v Dinardo*, 290 Mich App 280, 293; 801 NW2d 73 (2010); MRE 803(5). Again, all three requirements were met. The police statement pertained to a matter about which the declarant had sufficient personal knowledge, she demonstrated an inability to sufficiently recall those matters at trial, and the police statement was made by the victim while the matter was still fresh in her memory. Thus, the trial court did not abuse its discretion by admitting the statements to which defendant objected, nor was there plain error as to the two statements for which no objection was made.

Defendant next argues that the trial court erred by denying his motion for a directed verdict on the charge of unlawful imprisonment. We review de novo a trial court's decision whether to deny a motion for a directed verdict. *People v Parker*, 288 Mich App 500, 504; 795 NW2d 596 (2010). In doing so, we review the evidence "in a light most favorable to the prosecutor to determine whether a rational trier of fact could have found that the essential elements of the offense were proven beyond a reasonable doubt." *People v Couzens*, 480 Mich 240, 244; 747 NW2d 849 (2008) (citation and quotation marks omitted).

The unlawful-imprisonment statute, MCL 750.349b, provides, in relevant part:

(1) A person commits the crime of unlawful imprisonment if he or she knowingly restrains another person under any of the following circumstances:

(a) The person is restrained by means of a weapon or dangerous instrument.

\* \* \*

(c) The person was restrained to facilitate the commission of another felony or to facilitate flight after commission of another felony.

Defendant does not argue that there was insufficient evidence that he knowingly restrained the victim. Rather, he argues there was insufficient evidence either that he did so by means of a "weapon or dangerous instrument" or that he did so in order to "facilitate the commission of another felony." We disagree.

Defendant argues that the BB gun used to restrain the victim was inoperable and unloaded at the time of its use, and therefore could not constitute a "weapon or dangerous instrument" under subsection (1)(a) of the statute. We decline to address this issue as it is unnecessary given that subsection (1)(c) clearly applies.[1]

With respect to subsection (1)(c) of the statute, defendant argues there was insufficient evidence that he knowingly restrained the victim in order to facilitate the commission of another felony. The predicate felony

---

[1] If there was any deficiency regarding the sufficiency of the evidence of restraint by means of a weapon or dangerous instrument under subsection (1)(a), it was evidentiary in nature and went to the issue of whether restraint was actually accomplished through use of the BB gun, when the victim testified that she knew the BB gun was broken, unloaded, and could not hurt her, and physical force was used to restrain the victim. Accordingly, we find that our ruling does not offend *Griffin v United States*, 502 US 46; 112 S Ct 466; 116 L Ed 2d 371 (1991) (discussing due process concerns in the context of a general verdict with alternative bases of criminal liability and the sufficiency thereof).

in this case was arson (preparation to burn property), former MCL 750.77(1)(d)(*i*), which provided, in relevant part:

> (1) A person who uses, arranges, places, devises, or distributes an inflammable, combustible, or explosive material, liquid, or substance, or any device in or near a building or property described in section 72, 73, 74 or 75 with intent to willfully and maliciously set fire to or burn the building or property or who aids, counsels, induces, persuades, or procures another to do so is guilty of a crime as follows:
>
> * * *
>
> (d) If any of the following apply, the person is guilty of a felony punishable by imprisonment for not more than 10 years or a fine of not more than $15,000.00 or 3 times the combined value of the property intended to be burned, whichever is greater, or both imprisonment and a fine:
>
> (*i*) The property is personal or real property, or both, with a combined value of $20,000.00 or more.[2]

Defendant challenges only whether there was sufficient evidence that he possessed the intent "to willfully and maliciously set fire to or burn the building." MCL 750.77(1)(d)(*i*), as amended by 1998 PA 312. We find that there was such evidence. "[B]ecause it can be difficult to prove a defendant's state of mind on issues such as knowledge and intent, minimal circumstantial evidence will suffice to establish the defendant's state of mind, which can be inferred from all the evidence presented." *People v Kanaan*, 278 Mich App 594, 622; 751 NW2d 57 (2008).

In this case, the defendant stated to the victim that he turned the gas on in the apartment to " 'kill us

---

[2] MCL 750.77(1)(d)(*i*), as amended by 1998 PA 312. The arson statutes were substantially revised by 2012 PA 533.

both.' " Moreover, neighbors testified that the victim told them on the night of the altercation that defendant turned on the gas burners and was "attempting to blow up the apartment complex . . . ." A rational trier of fact could infer from this evidence that defendant possessed the intent to set fire to the apartment building. Thus, the trial court properly denied defendant's request for a directed verdict as to subsection (1)(c) of the unlawful-imprisonment statute. In so ruling, we note that the fact that the jury ultimately found defendant not guilty of the arson charge is immaterial, because a jury's verdict regarding one offense does not preclude it from reaching a different conclusion when that offense forms an element of another crime. *People v Goss (After Remand)*, 446 Mich 587, 599; 521 NW2d 312 (1994) (opinion by LEVIN, J.). See also *People v Vaughn*, 409 Mich 463, 465-466; 295 NW2d 354 (1980) (stating that consistency among verdicts is not necessary because each count of an information is treated as a separate indictment).

Defendant next argues that the trial court erred in instructing the jury with respect to unlawful imprisonment because the instruction, which gave jurors the option to convict on the basis of either defendant's restraint of the victim by means of a weapon or dangerous instrument, or on defendant's restraint of the victim in order to facilitate the commission of another felony, violated his "absolute constitutional right to be convicted only upon a unanimous jury verdict . . . ." Defendant also argues that he was denied the effective assistance of counsel because his trial counsel failed to request a unanimity instruction.

Michigan law provides criminal defendants the right to a unanimous jury verdict. MCR 6.410(B). "In order to protect a defendant's right to a unanimous verdict, it is

the duty of the trial court to properly instruct the jury regarding the unanimity requirement." *People v Cooks*, 446 Mich 503, 511; 521 NW2d 275 (1994). Often, the trial court fulfills that duty by providing the jury with a general instruction on unanimity. *Id.* at 512. However, a specific unanimity instruction may be required in cases in which "more than one act is presented as evidence of the actus reus of a single criminal offense" and each act is established through materially distinguishable evidence that would lead to juror confusion. *Id.* at 512-513. Defendant, relying on *Cooks*, argues that a more specific unanimity instruction was required in this case because "discrete, specific acts were committed," each of which was claimed to satisfy all the elements of the unlawful-imprisonment charge. We disagree.

This Court held that "[w]hen a statute lists alternative means of committing an offense which in and of themselves do not constitute separate and distinct offenses, jury unanimity is not required with regard to the alternate theory." *People v Johnson*, 187 Mich App 621, 629-630; 468 NW2d 307 (1991). Our Supreme Court has found that cases in which "more than one act is presented as evidence of the actus reus of a single criminal offense" are "analytically distinct" from cases like the one before us today, in which defendant may be properly convicted on multiple theories that represent the same element of the offense. *Cooks*, 446 Mich at 512, 515 n 16.

In this case, defendant was charged with one count of unlawful imprisonment, which expressly provides alternative theories under which a defendant may be convicted. The alternative theories each relate to a single element of the offense, and are merely different ways of establishing that element. Accordingly, defendant was properly convicted of unlawful imprisonment even if

some jurors believed he restrained the victim by means of a weapon, and the rest of the jurors believed he restrained the victim in order to facilitate the commission of the felony of arson (preparation to burn). No specific unanimity instruction was required, and it necessarily follows that defendant's claim of ineffective assistance of counsel must fail because defense counsel is not required to make a meritless request or objection. *People v Snider*, 239 Mich App 393, 425; 608 NW2d 502 (2000). See also *People v Pickens*, 446 Mich 298, 302-303; 521 NW2d 797 (1994) (stating that to prevail on a claim for ineffective assistance of counsel, a defendant must first establish that his or her counsel's representation fell below an objective standard of reasonableness under prevailing professional norms).

Defendant next argues that the trial court erred by scoring 15 points for Offense Variable (OV) 8 of the sentencing guidelines. Because defendant's challenge to the scoring of OV 8 on appeal is based on grounds different than those asserted at sentencing, the issue is unpreserved. *People v Asevedo*, 217 Mich App 393, 398; 551 NW2d 478 (1996). "Even though defendant did not preserve this issue for appeal, this Court may review an unpreserved scoring issue for plain error affecting substantial rights." *People v Loper*, 299 Mich App 451, 457; 830 NW2d 836 (2013), citing *People v Kimble*, 470 Mich 305, 312; 684 NW2d 669 (2004). "To avoid forfeiture of the issue under the plain error rule, the defendant bears the burden to show that '1) error . . . occurred, 2) the error was plain, i.e., clear or obvious, 3) and the plain error affected substantial rights. The third requirement generally requires a showing of prejudice, i.e., that the error affected the outcome of the lower court proceedings.'" *Loper*, 299 Mich App at 457, quoting *Carines*, 460 Mich at 763.

Under OV 8 of the sentencing guidelines, 15 points may be assessed if the defendant transported the victim "to another place of greater danger or to a situation of greater danger" or if the defendant held the victim "captive beyond the time necessary to commit the offense." MCL 777.38(1)(a). See also *People v Apgar*, 264 Mich App 321, 329-330; 690 NW2d 312 (2004). OV 8 may properly be scored when the sentencing offense is unlawful imprisonment. *People v Kosik*, 303 Mich App 146, 157-159; 841 NW2d 906 (2013). However, defendant argues that OV 8 was improperly scored in this case because there was no basis for concluding that he held the victim captive longer than the time necessary to commit the offense of unlawful imprisonment. Specifically, he argues that all of the alleged conduct in this case—beginning with grabbing the victim from the balcony and ending with him holding her down on the bed before police arrived—was not conduct that occurred beyond the time necessary to commit the offense, but rather was conduct that constituted the offense. We recognize that all of defendant's conduct during the time he restrained the victim was conduct that occurred "during" the offense. Nonetheless, we find OV 8 was properly scored in this case.

The unlawful-imprisonment statute's definition of "restrain" provides that "[t]he restraint does not have to exist for any particular length of time . . . ." MCL 750.349b(3)(a). In other words, the crime can occur when the victim is held for even a moment. Accordingly, when defendant continued to hold the victim against her will after dragging her into the apartment, he effectively held her longer than the time necessary to commit the offense of unlawful imprisonment. In any event, we find that OV 8 could have properly been scored in this case on the basis of "asportation." A victim is asported to a place or situation involving

greater danger when moved away from the presence or observation of others. *People v Steele*, 283 Mich App 472, 491; 769 NW2d 256 (2009).

In this case, the evidence demonstrated that the victim was standing on the balcony of her apartment, visible to her neighbors who lived in the apartment directly below her, when defendant came outside and dragged her back inside the apartment. The victim was thus asported to a place of greater danger because she was moved away from the balcony, where she was in the presence or observation of others, to the interior of the apartment, where others were less likely to see defendant committing a crime. Accordingly, there was no plain error in the scoring of OV 8.

Finally, defendant argues that the trial court erred in scoring OV 1. Defendant's argument as to this offense variable is also unpreserved and reviewed for plain error. *Loper*, 299 Mich App at 457. OV 1 addresses the aggravated use of a weapon and provides, in part, that 10 points may be assessed if "[t]he victim was touched by any other type of weapon." MCL 777.31(1)(d). Defendant argues that, if the offense of unlawful imprisonment was "complete" the moment he dragged the victim from the balcony, then evidence of his putting the BB gun to the victim's head occurred after that crime and, therefore, cannot be used in scoring OV 1. Defendant is correct in that "the offense variables are generally offense-specific," meaning that customarily, "only conduct 'relating to the offense' may be taken into consideration when scoring the offense variables" unless the variable being scored specifically provides otherwise. *People v McGraw*, 484 Mich 120, 124, 129; 771 NW2d 655 (2009) (citation and quotation marks omitted).

OV 1 is an "offense-specific" variable; therefore, in scoring OV 1, the trial court was limited to "considering the sentencing offense alone." *Id.* at 127. However, in doing so, a trial court may properly consider all of "defendant's conduct during" that offense. See *id.* at 134. In this case, defendant's act of holding a BB gun to the victim's head was conduct that occurred "during" the ongoing offense of unlawful imprisonment. Therefore, the trial court did not err by assessing 10 points under OV 1.[3]

Affirmed.

MURPHY, C.J., and M. J. KELLY and RONAYNE KRAUSE, JJ., concurred.

---

[3] Defendant also argues on appeal that OV 4 was improperly scored. However, this Court previously remanded this case to the trial court for reconsideration of OV 4. The trial court, on remand, rescored OV 4 and subsequently resentenced defendant. Therefore, defendant's argument with respect to OV 4 is now moot and need not be addressed.