*If this opinion indicates that it is "FOR PUBLICATION," it is subject to
revision until final publication in the Michigan Appeals Reports.*

# STATE OF MICHIGAN

# COURT OF APPEALS

PEOPLE OF THE STATE OF MICHIGAN,

        Plaintiff-Appellee,

UNPUBLISHED
November 30, 2023

v

JOHOINE TRINELLE WHITE,

        Defendant-Appellant.

No. 362136
Berrien Circuit Court
LC No. 2021-003748-FH

Before: LETICA, P.J., and BORRELLO and RICK, JJ.

PER CURIAM.

Defendant appeals as of right his convictions following a jury trial of three counts of felonious assault, MCL 750.82(1); and three counts of resisting or obstructing a police officer, MCL 750.81d(1). The trial court sentenced defendant to 120 days in jail for each count, with the sentences to run concurrently. For the reasons set forth in this opinion, we affirm.

## I. BACKGROUND

This appeal arises out of an incident that occurred in Benton Harbor in November 2021. Benton Harbor Department of Public Safety Officer David Willson testified that he drove to the intersection of Britain Avenue and Pavone Street where he saw defendant standing in the middle of the intersection. Officer Willson further testified,

I made eye contact with him, and as I passed him, he brought both his hands up to his temples in the shapes of guns and he pushed his thumbs forward, and then, as I continued going down Pavone, so I'm not parked on the main intersection, he then raised both his hands in the same figures, guns, and pushed his thumbs forward as I parked my vehicle.

Officer Willson, who was in full uniform, got out of his patrol car, turned on his body camera, and walked toward defendant, attempting to get defendant to talk to him on the sidewalk because defendant could get hit by a car and because it is illegal to stand in the middle of a roadway. However, despite his request, defendant refused to move onto the sidewalk. Officer Willson

-1-

testified that defendant then faced him, pulled off a glove, and began to reach for his pocket. Defendant was instructed not to take anything out of his pocket to which he told Willson: "I'm gonna reach for the f*** I want," and then defendant quickly pulled out a silver boxcutter, exposed the blade, and motioned toward Officer Willson. Officer Willson testified that he was afraid defendant was going to attack him causing Willson to tell defendant to stop. Willson then pulled out his service weapon, and he called for backup. Willson testified that the situation made him apprehensive because he learned from his police training that someone with a knife can reach a person standing 20 feet away in less time than it takes to draw a gun.

At trial, the prosecutor presented video footage from bodycams worn by Officer Willson and Benton Harbor Department of Public Safety Sergeant Steven Bobo, who arrived at the scene as one of several backup officers. For approximately 15 minutes, officers repeatedly asked defendant to move out of the intersection and to drop the boxcutter, and defendant repeatedly refused. At times, defendant walked away from the officers, and at other times, he turned toward them while pushing out and retracting the blade of the boxcutter. Benton Harbor Department of Public Safety Detective Robert Shepherd arrived at the scene after hearing Officer Willson's radio call for backup. Detective Shepherd was not in uniform because he worked undercover, but he arrived in a car that was identifiable as a police vehicle because of its flashing red and blue lights. Along with Officer Willson and Sergeant Bobo, Detective Shepherd addressed defendant "multiple times" and tried to get him to drop the knife and to leave the intersection. After many requests and warnings, including one attempted deployment of a taser, defendant finally dropped the knife when an officer pointed a "less than lethal" weapon toward defendant.

After closing arguments, the trial court gave the jury the following, general unanimity instruction:

> A verdict in a criminal case must be unanimous. In order to return a verdict, it is necessary that each of you agrees on that verdict. In the jury room you will discuss the case among yourselves, but ultimately each of you will have to make up your own mind. Any verdict must represent the individual, considered judgment of each juror.

When instructions concluded, defense counsel agreed that the trial court gave the instructions as discussed and said that she had no objections to the instructions as given. The jury found defendant guilty of felonious assault and resisting or obstructing a police officer as to Officer Willson, Sergeant Bobo, and Detective Shepherd.

After his conviction, defendant moved for a new trial, arguing that defense counsel provided ineffective assistance of counsel during defendant's trial because she failed to request a specific unanimity instruction on the charges of resisting or obstructing a police officer pursuant to MCL 750.81d(1). The trial court denied the motion, reasoning that this Court has held that even more diverse conduct can be part of a continuous sequence of events such that there is no necessity for a specific unanimity instruction, and therefore, the failure to request a specific unanimity instruction did not constitute ineffective assistance of counsel.

Defendant now appeals.

## II. ANALYSIS

Defendant claims that defense counsel provided ineffective assistance of counsel at trial when she failed to request a specific unanimity instruction on the charges of resisting or obstructing a police officer under MCL 750.81d(1). Both the United States and Michigan Constitutions require that criminal defendants receive the assistance of counsel. US Const Am VI; Const 1963, art 1, § 20. As this Court explained in *People v Muniz*, ___ Mich App ___, ___; ___ NW2d ___ (2022) (Docket No. 355977); slip op at 5:

> This "right to counsel encompasses the right to the effective assistance of counsel." *People v Cline*, 276 Mich App 634, 637; 741 NW2d 563 (2007). The "effective assistance of counsel is presumed, and the defendant bears a heavy burden of proving otherwise." *People v Rodgers*, 248 Mich App 702, 714; 645 NW2d 294 (2001). To prevail on a claim of ineffective assistance of counsel, a defendant must show that "counsel's performance was deficient," and that the "deficient performance prejudiced the defense." *People v Taylor*, 275 Mich App 177, 186; 737 NW2d 790 (2007) (quotation marks and citation omitted). Defense counsel's performance is deficient if "it fell below an objective standard of professional reasonableness." *People v Jordan*, 275 Mich App 659, 667; 739 NW2d 706 (2007). The performance will be deemed to have prejudiced the defense if it is reasonably probable that, but for counsel's errors, "the result of the proceeding would have been different." *Id.* Accordingly, "defendant must show that (1) counsel's performance fell below an objective standard of reasonableness and (2) but for counsel's deficient performance, there is a reasonable probability that the outcome would have been different." *People v Trakhtenberg*, 493 Mich 38, 51; 826 NW2d 136 (2012) (citations omitted). [See also *Strickland v Washington*, 466 US 668, 688; 104 S Ct 2052; 80 L Ed 2d 674 (1984).]

"We review de novo the constitutional question whether an attorney's ineffective assistance deprived a defendant of his or her Sixth Amendment right to counsel." *People v Fyda*, 288 Mich App 446, 449-450; 793 NW2d 712 (2010). In cases in which the trial court has not conducted an evidentiary hearing, this Court's review "is limited to mistakes apparent on the record." *Id.* at 450.

As noted, the prosecutor charged defendant with three counts of resisting or obstructing a police officer pursuant to MCL 750.81d(1), which states, in relevant part, that

> an individual who assaults, batters, wounds, resists, obstructs, opposes, or endangers a person who the individual knows or has reason to know is performing his or her duties is guilty of a felony punishable by imprisonment for not more than 2 years or a fine of not more than $2,000.00, or both.

Under MCL 750.81d(7)(a), obstruct means "the use or threatened use of physical interference or force or a knowing failure to comply with a lawful command." Further, as set forth in MCL 750.81d(7)(b)(*i*), a "person" includes "[a] police officer of this state or of a political subdivision of this state . . . ."

-3-

As this Court explained in *People v Chelmicki*, 305 Mich App 58, 67-68; 850 NW2d 612 (2014):

> Michigan law provides criminal defendants the right to a unanimous jury verdict. MCR 6.410(B). "In order to protect a defendant's right to a unanimous verdict, it is the duty of the trial court to properly instruct the jury regarding the unanimity requirement." *People v Cooks*, 446 Mich 503, 511; 521 NW2d 275 (1994). Often, the trial court fulfills that duty by providing the jury with a general instruction on unanimity. *Id*. at 512. However, a specific unanimity instruction may be required in cases in which "more than one act is presented as evidence of the actus reus of a single criminal offense" and each act is established through materially distinguishable evidence that would lead to juror confusion. *Id*. at 512-513.

Defendant takes issue with the fact that the prosecutor presented evidence that defendant both assaulted the police officers by brandishing the boxcutter and that he failed to follow the commands of the officers. According to defendant, this could have caused the jury to disagree about which conduct formed the basis for the resisting-or-obstructing charges.

The prosecutor presented evidence, through testimony and video footage, of multiple acts that satisfy the elements of MCL 750.81d(1). The record reveals that defendant repeatedly refused to comply with the officers' lawful requests to get out of the intersection, he drew a boxcutter when asked to move, he drew the knife despite commands not to do so, and he brandished the boxcutter when asked to drop it. Defendant takes no issue with the jury's finding that he assaulted the officers by placing them in reasonable apprehension of an immediate battery when he brandished a knife. This act alone was sufficient to satisfy the conduct prohibited by MCL 750.81d(1) because the statute lists "assault" as one of the acts punishable by the statute.

To the extent that defendant contends that the statute itself causes juror confusion because it contains multiple acts that can constitute resisting or obstructing under MCL 750.81d(1), this Court has held that the statute is not constitutionally overbroad or vague. *People v Morris*, 314 Mich App 399, 405-413; 886 NW2d 910 (2016). In *Morris*, this Court ruled that the listed ways in which a defendant may resist or obstruct a person all have the common element of physical interference and are, therefore, not overbroad and do not only encompass constitutionally protected speech. *Id*. at 410-412. The *Morris* Court further observed that, "a person of ordinary intelligence would know that an individual using some form of force to prevent a police officer from performing an official and lawful duty is in violation of MCL 750.81d(1)." *Id*. at 413.

"[W]hen a statute lists alternative means of committing an offense which in and of themselves do not constitute separate and distinct offenses, jury unanimity is not required with regard to the alternate theory." *Chelmicki*, 305 Mich App at 68 (quotation marks and citation omitted). In this case, the prosecutor offered evidence of a continuous violation of MCL 750.81d(1) through multiple acts that constituted alternative means to commit the offense of resisting or obstructing a police officer. For that reason, a specific unanimity instruction was inapplicable. See *id*. It was enough for the jury to conclude that defendant physically failed to obey lawful commands by the officers to satisfy MCL 750.81d(1). Further, defendant did not

present a separate defense or offer materially distinct evidence of impeachment regarding any particular act as presented by the prosecutor. For these reasons, no unanimity instruction was required, and counsel is not ineffective for failing to advance a meritless argument. See *People v Ericksen*, 288 Mich App 192, 201; 793 NW2d 120 (2010). Accordingly, defendant is not entitled to relief.

Affirmed.

/s/ Anica Letica
/s/ Stephen L. Borrello
/s/ Michelle M. Rick