*If this opinion indicates that it is "FOR PUBLICATION," it is subject to revision until final publication in the Michigan Appeals Reports.*

# STATE OF MICHIGAN

# COURT OF APPEALS

PEOPLE OF THE STATE OF MICHIGAN,

Plaintiff-Appellee,

v

ARION JAMES WAGNER,

Defendant-Appellant.

UNPUBLISHED
January 15, 2026
2:30 PM

No. 374863
Jackson Circuit Court
LC Nos. 24-004105-FH;
    24-004106-FC

Before: SWARTZLE, P.J., and GARRETT and WALLACE, JJ.

PER CURIAM.

  Defendant was accused of assaulting his girlfriend and causing a murder of another victim during a drive-by-shooting. In this interlocutory appeal, defendant appeals by leave granted[1] the trial court's amended order joining defendant's assault and murder cases; admitting evidence under MRE 401 and MRE 403 implicating defendant in the robbery of a gun store; admitting other-acts evidence from the murder case in the assault case, and vice versa, under MRE 404(b); and admitting evidence of defendant's other acts of domestic violence against his girlfriend pursuant to MCL 768.27b. We reverse the trial court's order except for the trial court's admission of other acts of domestic violence, which we affirm.

## I. BACKGROUND

  Shortly after returning home from work, around 7:00 a.m., defendant began arguing with his girlfriend and eventually assaulted her. Defendant struck his girlfriend repeatedly and choked her multiple times. Brandishing a pistol with rubber bands on the handle, defendant threatened to

---

[1] *People v Wagner*, unpublished order of the Court of Appeals, entered August 26, 2025 (Docket No. 374863).

kill his girlfriend, her family, and her unborn child. Defendant continued to assault her until 2:00 p.m., at which point, they fell asleep.

Later, defendant's girlfriend drove defendant in her car to defendant's mother's house, around 9:00 or 10:00 p.m. At his mother's house, defendant saw a piece of a window on the floor and became angry because he believed that someone had shot at his mother's house. Defendant called an unknown person, then told his girlfriend to get in her car. She drove while defendant gave her directions; he did not tell her where they were going. After less than five minutes, defendant climbed into the backseat of the car, rolled down the window, and fired several shots from the same pistol from the assault—the one with rubber bands on the handle—at a house. Inside that home, Nora Luna was struck and killed by gunshot. Defendant was later arrested for the murder and the earlier assault.

In case number 24-004105-FH, for his acts against his girlfriend, defendant was charged with assault by strangulation, MCL 750.84; assault with a dangerous weapon (felonious assault), MCL 750.82; domestic violence, MCL 750.81(2); and two counts of carrying a firearm during the commission of a felony (felony-firearm), MCL 750.227b. In a separate case, case number 24-004106-FC, for his drive-by shooting of Luna, defendant was charged with open murder, MCL 750.316; discharge of a firearm from a vehicle causing death, MCL 750.234a(1)(d); discharge of a firearm in or at a building causing death, MCL 750.234b(5); carrying a concealed weapon, MCL 750.227; felony-firearm; and bribing, intimidating, or interfering with a witness, MCL 750.122(7).

The prosecutor moved the trial court to join defendant's assault and murder cases under MCR 6.120(B), and also moved to admit defendant's acts in the assault case in the murder case, and vice versa, as other-acts evidence under MRE 404(b). Additionally, the prosecutor moved under MRE 401 and MRE 403 to admit evidence from a January 2024 robbery of a gun store. The pistol used in the assault and murder was determined to have been stolen from the gun store. Defendant reportedly told his girlfriend that he dropped his pistol during the robbery; a different pistol with rubber bands on the handle was found on the floor of the gun store. Lastly, the prosecutor provided notice of the intent to admit evidence of other acts of domestic violence that defendant committed against his girlfriend.

Following a hearing, the trial court granted all of the prosecutor's motions, joining the assault and murder cases, finding the MRE 404(b) evidence admissible, finding evidence of the gun store robbery admissible under MRE 401 and MRE 403, and finding prior acts of domestic violence admissible under MCL 768.27b. This appeal now follows.

## II. ANALYSIS

### A. JOINDER

Defendant first argues on appeal that the trial court erred by joining his assault and murder cases because those offenses are not related within the meaning of MCR 6.120. For joinder, the Court reviews for clear error the trial court's factual findings and reviews de novo the trial court's conclusion on whether the facts "constitute related offenses for which joinder is appropriate." *People v Gaines*, 306 Mich App 289, 304; 856 NW2d 222 (2014) (cleaned up).

MCR 6.120 provides the following for joining multiple cases:

(B) Postcharging Permissive Joinder or Severance. On its own initiative, the motion of a party, or the stipulation of all parties, except as provided in subrule (C), the court may join offenses charged in two or more informations or indictments against a single defendant . . . when appropriate to promote fairness to the parties and a fair determination of the defendant's guilt or innocence of each offense.

(1) Joinder is appropriate if the offenses are related. For purposes of this rule, offenses are related if they are based on

      (a) the same conduct or transaction, or

      (b) a series of connected acts, or

      (c) a series of acts constituting parts of a single scheme or plan.

(2) Other relevant factors include the timeliness of the motion, the drain on the parties' resources, the potential for confusion or prejudice stemming from either the number of charges or the complexity or nature of the evidence, the potential for harassment, the convenience of witnesses, and the parties' readiness for trial.

Joinder is appropriate when charges are logically related and have a significant amount of overlapping proof. *People v Williams*, 483 Mich 226, 237; 769 NW2d 605 (2009). "The admissibility of evidence in other trials is an important consideration because joinder of other crimes cannot prejudice the defendant more than he would have been by the admissibility of the other evidence in a separate trial." *Id.* (cleaned up).

In this case, the trial court concluded that defendant's assault and murder cases were related by a series of connected acts as part of a "little crime spree." Although there is some evidence that connect these cases—defendant used the same pistol in the defendant's girlfriend's presence on the same day—these circumstances do not comprise a series of connected acts sufficient for joinder. Defendant's anger may be an underlying cause in both cases, but defendant's anger was aimed at two different subjects during the crimes: his girlfriend in the assault case and an alleged shooter of his mother's house in the murder case. The prosecutor argues on appeal that defendant's "fits of anger" connect these cases, but such connection is tenuous, especially where hours lapsed between the assault and murder and his anger was aimed at two different people. Because there is no logical relationship between the assault and murder offenses, the offenses are not a series of connected acts within the meaning of MCR 6.120(B)(1)(b).

Additionally, the offenses are not the same conduct or transaction and do not constitute part of a single scheme or plan. Defendant did not assault his girlfriend to secure her cooperation in the murder. Defendant did not discover the broken window, which resulted in his anger at an alleged shooter of his mother's house, until after the assault occurred. Because the two offenses are not based on the same acts or series of acts for purposes of MCR 6.120, the trial court abused its discretion by joining the two charges. The Court reverses the trial court's decision on joinder without reaching defendant's arguments that such joinder violated his constitutional rights.

B. EVIDENTIARY RULINGS

Defendant next challenges several of the trial court's evidentiary rulings. We review for an abuse of discretion a trial court's decision to admit evidence. *People v Chelmicki*, 305 Mich App 58, 62; 850 NW2d 612 (2014). The trial court abuses its discretion when its decision falls outside the range of principled outcomes. *People v Horton*, 341 Mich App 397, 403; 989 NW2d 885 (2022). Relevant evidence, that is evidence that has any tendency to make a fact more or less probable, is admissible unless otherwise prohibited by another rule, the Michigan Constitution, or the United States Constitution. MRE 401; MRE 402. MRE 403 provides that the trial court may "exclude relevant evidence if its probative value is substantially outweighed by a danger of one or more of the following: unfair prejudice, confusing the issues, misleading the jury, undue delay, wasting time, or needlessly presenting cumulative evidence."

Defendant argues that the trial court erred by ruling that evidence of the murder was admissible in the assault case and evidence of the assault was admissible in the murder case. MRE 404(b)(1) provides that evidence "of any other crime, wrong, or act is not admissible to prove a person's character in order to show that on a particular occasion the person acted in accordance with the character." But, if material, the evidence may be admissible to prove "motive, opportunity, intent, preparation, scheme, plan, or system in doing an act, knowledge, identity, absence of mistake, or lack of accident." MRE 404(b)(2).

> To be admissible under MRE 404(b)(1), three criteria must be met:
> (1) that the other acts evidence is for a proper purpose (other than to show character and action in conformity therewith),
>
> (2) that the evidence is relevant to an issue of fact that is of consequence at trial, and
>
> (3) that, under MRE 403, the danger of unfair prejudice does not substantially outweigh the probative value of the evidence. [*People v Steele*, 283 Mich App 472, 479; 769 NW2d 256 (2009) (cleaned up).]

The prosecutor bears the burden of proving that there is a proper, noncharacter purpose for the evidence such that the evidence is "probative of something other than the defendant's propensity to commit the crime." *People v Denson*, 500 Mich 385, 398, 400-402; 902 NW2d 306 (2017) (cleaned up).

In this case, the trial court found that evidence of defendant's acts relating to the murder were relevant for a noncharacter purpose in the assault case and that defendant's acts relating to the assault were relevant for a noncharacter purpose in the murder case, but the trial court did not explain for what purposes. On appeal, the prosecutor argues that the evidence was relevant to prove a common plan or scheme, specifically that defendant used the power and control over his girlfriend to facilitate both crimes. The record shows that defendant's assault of his girlfriend arose spontaneously out of an argument. Similarly, the murder also arose spontaneously out of defendant's belief that someone had shot at his mother's house, a cause unrelated to his anger at his girlfriend. We can discern no common end that defendant could have been aiming to achieve by committing these crimes, much less a calculated scheme, regardless of whether he used the same pistol in both crimes.

Further, the prosecutor argues that the evidence of the other acts was relevant to prove defendant's identity. For another act to be used as evidence to prove identity, the evidence must show the following:

(1) there is substantial evidence that the defendant committed the similar act

(2) there is some special quality of the act that tends to prove the defendant's identity

(3) the evidence is material to the defendant's guilt, and

(4) the probative value of the evidence sought to be introduced is not substantially outweighed by the danger of unfair prejudice. [*People v Galloway*, 335 Mich App 629, 642; 967 NW2d 908 (2020) (cleaned up).]

Although there is evidence that defendant committed both the assault and the murder, there is no special quality to either crime that tend to prove defendant's identity as the perpetrator of the other crime. Defendant may have been angry during both crimes, but anger is not so unique as to find that it is defendant's "signature." *Id.* at 639.

As for defendant's use of the same gun in each crime, "defendant's possession of a weapon of the kind used in the offense with which he is charged is . . . direct, relevant evidence of his commission of that offense," and is not subject to exclusion under MRE 404(b). *People v Hall*, 433 Mich 573, 580-581, 583-584; 447 NW2d 580 (1989). But, the details regarding how defendant used the pistol to assault his girlfriend are not material to whether defendant later used the pistol to commit the murder, and vice versa. See *Denson*, 500 Mich at 400-401.

Accordingly, the prosecutor has not carried its burden to show that the details of defendant's other acts in each case are logically relevant for the noncharacter purposes of showing defendant's plan or scheme or identifying defendant as the perpetrator in the opposite case. Consequently, the trial court abused its discretion by admitting evidence of defendant's other acts from the murder case in the assault case, and vice versa.

C. THE GUN STORE ROBBERY

Next, defendant argues that the trial court erred by admitting evidence related to defendant's robbery of the gun store, where defendant stole the pistol used in the murder and assault. On appeal, the prosecutor concedes that such evidence should have been evaluated according to MRE 404(b), even though the prosecutor only presented the evidence to the trial court under MRE 401 and MRE 403.

Defendant's possession of the pistol used in each crime is directly relevant and admissible under MRE 401, and its illegality alone would not preclude admission under MRE 404(b). See *Hall*, 433 Mich at 580-581, 583-584.

As for MRE 403, defendant argues that this other-acts evidence should have been excluded because the probative value of that evidence, i.e., its tendency to establish defendant as the perpetrator of the assault and murder in this case, is outweighed by the risk that the jury will give the robbery evidence undue weight. The evidence would be relevant to show defendant's practice

of placing rubber bands on the handles of pistols, such as the pistol in the murder and assault as well as the pistol he allegedly left at the robbery. But, there is ample other evidence connecting defendant to the pistol used in the assault and murder in this case. Defendant's girlfriend testified that defendant used the same pistol to commit both crimes, and the police recovered the pistol from defendant's mother's house where defendant was arrested. Given "the abundance of admissible inculpatory evidence on the record," *Galloway*, 335 Mich App at 647, defendant putting rubber bands around the handles of pistols in his possession is minimally probative of his identity as the perpetrator in this case.

Additionally, this minimal probative value is substantially outweighed by the risk that the jury would give the evidence undue weight. The evidence of the robbery "strongly invites a prejudicial character inference" and "given the absence or weakness of any nonpropensity purpose for the evidence, a limiting instruction would not [alleviate] the risk of unfair prejudice." *Id.* That is, we see no principled reason why the jury should be exposed to evidence showing that defendant robbed the gun store to prove that defendant committed either the assault or murder when there is plentiful other evidence that more directly connects defendant with the pistol used in the crimes in this case. See *People v Blackston*, 481 Mich 451, 462-463; 751 NW2d 408 (2008). Accordingly, we conclude that the trial court abused its discretion by failing to exclude evidence connecting defendant to the gun store robbery under MRE 403.

### D. MCL 768.27B

Lastly, defendant argues that the trial court abused its discretion by admitting evidence of defendant's other acts of domestic violence against his girlfriend. MCL 768.27b(1) provides the following for evidence of other acts of domestic violence:

> Except as provided in subsection (4), in a criminal action in which the defendant is accused of an offense involving domestic violence [or] sexual assault . . . , evidence of the defendant's commission of other acts of domestic violence [or] sexual assault . . . is admissible for any purpose for which it is relevant, if it is not otherwise excluded under Michigan rule of evidence 403.

"The language of MCL 768.27b clearly indicates that trial courts have discretion to admit relevant evidence of other domestic assaults to prove any issue, even the character of the accused, if the evidence meets the standard of MRE 403." *People v Cameron*, 291 Mich App 599, 609; 806 NW2d 371 (2011) (cleaned up). Evidence of a defendant's prior acts of domestic violence are admissible in domestic assault cases because the Legislature intended to allow juries "the opportunity to weigh a defendant's behavioral history and view the case's facts in the larger context that the defendant's background affords." *Id*. at 609-610.

The trial court did not err by admitting evidence of defendant's other acts of domestic violence in defendant's assault case.[2] Those acts were highly probative because they involved similar acts of violence to the same victim throughout defendant's relationship with his girlfriend. Defendant's other acts of domestic violence fall squarely within the Legislature's purpose for

---

[2] To be clear, the prior acts of domestic violence are not admissible in the now-separate murder case.

enacting MCL 768.27b, and we cannot discern any substantial risk of unfair prejudice. See *id.* As for defendant's arguments relating to the constitutionality of MCL 768.27b, in *People v Watkins*, 491 Mich 450; 818 NW2d 296 (2012), our Supreme Court upheld MCL 768.27a against the same challenge as the one defendant makes here. Absent a Supreme Court ruling to the contrary or a clear basis for distinction, we must conclude that MCL 768.27b is also constitutional.

## III. CONCLUSION

For the reasons set forth in this opinion, we reverse the trial court's order with respect to the joinder of defendant's assault and murder cases, the admission of other-acts evidence of each case in each opposite case, and the admission of evidence connecting defendant to the robbery of the gun store. We affirm the trial court's order with respect to the admission of evidence of other acts of domestic violence in defendant's assault case. We do not retain jurisdiction.

/s/ Brock A. Swartzle
/s/ Kristina Robinson Garrett
/s/ Randy J. Wallace