*If this opinion indicates that it is "FOR PUBLICATION," it is subject to
revision until final publication in the Michigan Appeals Reports.*

# STATE OF MICHIGAN

# COURT OF APPEALS

PEOPLE OF THE STATE OF MICHIGAN,

        Plaintiff-Appellee,

v

MICHELLE ANNE HOLLADAY,

        Defendant-Appellant.

UNPUBLISHED
November 30, 2023

No. 361907
Monroe Circuit Court
LC No. 2021-246599-FC

Before: MURRAY, P.J., and CAMERON and PATEL, JJ.

PER CURIAM.

Defendant appeals by leave granted her no-contest-plea convictions for carjacking, MCL 750.529a, and assault with a dangerous weapon (felonious assault), MCL 750.82.[1] Defendant was sentenced to 108 to 360 months' imprisonment for the carjacking conviction, and 365 days in jail for the felonious assault conviction. We vacate defendant's carjacking sentence and remand for resentencing on that conviction only.

## I. FACTUAL BACKGROUND

Defendant was charged with carjacking, felonious assault, and two counts of felony-firearm for her involvement during a carjacking incident. At the final pretrial hearing, defendant pleaded no contest to the charges of carjacking and felonious assault under an aiding and abetting theory. The prosecution dismissed the two counts of felony-firearm as part of the plea agreement.

At the hearing, both defendant and the prosecution agreed to establish the factual basis for defendant's guilty plea based on the police report from the Monroe County Sheriff's Department. According to that report, on August 3, 2021, Monroe County Sheriff's Department officers were dispatched to a hotel after receiving word of a carjacking. Once at the scene, the officers

---

[1] Defendant was also charged with two counts of possession of a firearm during the commission of a felony (felony-firearm), MCL 750.227b, but these charges were dismissed as part of defendant's no-contest plea.

interviewed the victim, Terita Rice. Rice stated that a man and a woman, later identified as William Lanham and defendant, respectively, approached her while she was standing outside her vehicle. Lanham, who was holding a firearm, told Rice, "Get your kids from the car and get out, or [I will] shoot you." Rice then begged Lanham and defendant to not take her car, but after Lanham again threatened to shoot Rice, she grabbed a few of her belongings from the car and ran away. Rice was the sole occupant of the vehicle. Lanham and defendant then both got into Rice's vehicle and drove away.

Shortly after, Michigan State Police (MSP) troopers found the vehicle with Lanham and defendant driving north on I-75. The MSP troopers attempted to stop the vehicle, but Lanham and defendant fled. During the pursuit, Lanham and defendant's vehicle struck two other occupied vehicles and a cyclist on the road before being forced to stop. Lanham and defendant then ran into a nearby house, forced the occupants out, and then barricaded themselves inside. Police surrounded the house, and Lanham fired several rounds with his gun at the police outside. After some time, defendant surrendered to the police, and Lanham was then found dead inside the home from a self-inflicted gunshot wound.

Regarding sentencing, for both the carjacking and felonious assault convictions, defendant was assessed 5 points for offense variable (OV) 2, 10 points for OV 4, 10 points for OV 9, 25 points for OV 13, and 10 points for OV 19. In addition, defendant was assessed 5 points for OV 1 on the carjacking conviction. At the sentencing hearing, defendant's counsel only objected to the scoring of OVs 13 and 19. The minimum sentencing guidelines ranges for the carjacking and felonious assault convictions were 108 to 180 months and 2 to 17 months, respectively. Defendant was then sentenced to 108 to 360 months' imprisonment for the carjacking conviction and 365 days in jail for the felonious assault conviction.

## II. OV SCORING

Defendant argues the trial court erred when it incorrectly scored OVs 1, 2, 4, 9, 13, and 19 when determining defendant's sentencing guidelines. We agree that the trial court incorrectly scored OV 4, but disagree with the remainder of defendant's arguments.

A sentencing issue is preserved for appeal if it is raised at the sentencing hearing. *People v Chelmicki*, 305 Mich App 58, 69; 850 NW2d 612 (2014); see also MCL 769.34(10). Defendant did not challenge the scoring of OVs 1, 2, 4, and 9 during sentencing, so those arguments are not preserved for appeal. We review unpreserved scoring challenges for plain error affecting a defendant's substantial rights. See *People v Kimble*, 470 Mich 305, 312; 684 NW2d 669 (2004). "[T]he defendant bears the burden to show that (1) an error occurred, (2) the error was plain, i.e., clear or obvious, and (3) the plain error prejudiced substantial rights, i.e., the error affected the outcome of the lower court proceedings." *People v Cameron*, 291 Mich App 599, 618; 806 NW2d 371 (2011).

Regarding OVs 13 and 19, for issues pertaining to sentencing guidelines scoring on appeal, "the circuit court's factual determinations are reviewed for clear error and must be supported by a preponderance of the evidence." *People v Hardy*, 494 Mich 430, 438; 835 NW2d 340 (2013). "Whether the facts, as found, are adequate to satisfy the scoring conditions prescribed by statute, i.e., the application of the facts to the law, is a question of statutory interpretation, which an

appellate court reviews de novo." *Id.* "The role of this Court in interpreting statutory language is to ascertain the legislative intent that may reasonably be inferred from the words in a statute." *Sanford v State*, 506 Mich 10, 14-15; 954 NW2d 82 (2020) (quotation marks and citation omitted). "When the statutory language is clear and unambiguous, judicial construction is limited to enforcement of the statute as written." *Id.* at 15 (citation omitted).

OV 1 concerns the aggravated use of weapons. MCL 777.31. Five points are assessed if "[a] weapon was displayed or implied" during the commission of the offense. MCL 777.31(1)(e). Here, defendant pleaded guilty to carjacking and felonious assault under an aiding and abetting theory. "Every person concerned in the commission of an offense, whether [s]he directly commits the act constituting the offense or procures, counsels, aids, or abets in its commission may hereafter be prosecuted . . . and on conviction shall be punished as if [s]he had directly committed such offense." MCL 767.39. Therefore, despite Lanham being deceased, defendant was properly sentenced as if she had committed the offenses. See *People v Libbett*, 251 Mich App 353, 366-367; 650 NW2d 407 (2002) (concluding that the defendant, as an aider and abettor, was properly assessed the correct OV points by assigning him the highest number of attributable points that applied, despite the defendant's co-offender being erroneously assessed fewer OV points). Because Lanham displayed and used a gun to threaten Rice during the carjacking and felonious assault, 5 points were correctly assessed for OV 1.

OV 2 concerns the lethal potential of a weapon used during an offense. MCL 777.32. Five points are assessed if the offender "possessed or used a pistol, rifle, shotgun, or knife or other cutting or stabbing weapon." MCL 777.32(1)(d). Here, Lanham possessed a gun during the incident and used it to threaten Rice, and defendant was properly held responsible for the use of the firearm as an aider and abettor. See *Libbett*, 251 Mich App at 366-367. Thus, OV 2 was properly assessed at 5 points.

OV 4 concerns psychological injury to the victims of the offense. MCL 777.34. Ten points are assessed if "[s]erious psychological injury requiring professional treatment occurred to a victim." MCL 777.34(1)(a). Additionally, "[w]hether the victim had undergone psychological treatment is not determinative." *People v Wellman*, 320 Mich App 603, 608; 910 NW2d 304 (2017). Here, there was insufficient evidence to show that Rice or anyone else suffered a serious psychological injury requiring professional treatment. Although "the fact that treatment has not been sought is not conclusive," there is no other indication in the record that Rice may have needed to seek psychological treatment in the future. *Id.* at 606 (quotation marks and citation omitted). After the incident, the Victim's Advocate unsuccessfully tried contacting Rice to speak with her and get a victim impact statement. Rice also did not give a victim impact statement at the sentencing hearing nor did she otherwise testify about the incident. As the prosecution concedes, because Rice never testified at any hearing or gave any indication on the record that she suffered a psychological injury requiring treatment, "OV 4 should have been scored as [zero] due to a lack of factual basis to support [a] psychological injury." OV 4 was incorrectly scored.

OV 9 concerns the number of victims affected during the commission of the offense. MCL 777.39. Ten points are assessed if "[t]here were 2 to 9 victims who were placed in danger of physical injury or death, or 4 to 19 victims who were placed in danger of property loss." MCL 777.39(1)(c). "A person may be a victim under OV 9 even if he or she did not suffer actual harm; a close proximity to a physically threatening situation may suffice to count the person as a victim."

*People v Baskerville*, 333 Mich App 276, 294; 963 NW2d 620 (2020) (quotation marks and citation omitted). Here, defendant clearly placed Rice both in danger of physical injury when Lanham threated to shoot her and in danger of property loss when she and Lanham stole her vehicle. Additionally, after Lanham and defendant fled the hotel in Rice's vehicle, they struck two other occupied vehicles and a cyclist on the road while evading the police in their attempt to retain possession of the vehicle. We conclude at least four individuals (Rice, the two other drivers, and the cyclist) were reasonably placed in danger of physical injury, and thus, OV 9 was properly assessed at 10 points.

OV 13 concerns a defendant's continuing pattern of criminal behavior. MCL 777.43. Twenty-five points are assessed if "the offense was part of a pattern of felonious criminal activity involving [three] or more crimes against a person." MCL 777.43(1)(c). When scoring OV 13, "all crimes within a [five]-year period, including the sentencing offense, shall be counted regardless of whether the offense resulted in a conviction." MCL 777.43(2)(a). Additionally, "multiple concurrent offenses arising from the same incident are properly used in scoring." *People v Gibbs*, 299 Mich App 473, 488; 830 NW2d 821 (2013). Here, defendant was convicted of carjacking and felonious assault. Additionally, defendant was also "charged with home invasion and felonious assault in Oakland County" after the incident. Under MCL 777.43(2)(a), the offenses do not have to result in a conviction in order to be counted under OV 13. Carjacking, felonious assault, and home invasion are all categorized as crimes against a person. See MCL 777.16y, MCL 777.16d, and MCL 777.16f. Thus, we conclude OV 13 was properly scored at 25 points because a pattern of felonious activity involving at least three crimes against a person was established.

OV 19 concerns a defendant's interference with the administration of justice or emergency services. MCL 777.49. Ten points are assessed if the offender "interfered with or attempted to interfere with the administration of justice." MCL 777.49(c). "OV 19 is generally scored for conduct that constitutes an attempt to avoid being caught and held accountable for the sentencing offense." *People v Sours*, 315 Mich App 346, 349; 890 NW2d 401 (2016); see also *People v Smith*, 318 Mich App 281, 286; 897 NW2d 743 (2016) (concluding that hiding from the police constituted an interference with the administration of justice). Here, MSP troopers attempted to stop Lanham and defendant while they fled in Rice's stolen vehicle. During the chase, Lanham and defendant struck two other vehicles and a cyclist. Lanham and defendant then entered a nearby house, forced the occupants out, and barricaded themselves inside. Thus, OV 19 was properly scored because defendant interfered with the administration of justice when she fled and hid from the police.

Therefore, OV 4 was the only variable that was incorrectly scored. Because this error in scoring changes the guidelines range for defendant's carjacking conviction, resentencing is required for that conviction. See *People v Francisco*, 474 Mich 82, 92; 711 NW2d 44 (2006).

### III. INEFFECTIVE ASSISTANCE OF COUNSEL

Defendant argues her defense counsel's performance was deficient for failing to object to the scoring of OVs 1, 2, 4, and 9. We agree that defendant's trial counsel's performance was ineffective for failing to object to the scoring of OV 4.

"[A] defendant must move in the trial court for a new trial or an evidentiary hearing to preserve the defendant's claim that his or her counsel was ineffective." *People v Heft*, 299 Mich App 69, 80; 829 NW2d 266 (2012). A defendant can also preserve a claim for ineffective assistance of counsel by filing a motion in this Court for a remand to the trial court for a *Ginther*[2] hearing. *People v Abcumby-Blair*, 335 Mich App 210, 227; 966 NW2d 437 (2020). Defendant did not take steps to preserve her ineffective assistance of counsel argument. Accordingly, this issue is unpreserved.

Unpreserved arguments of ineffective assistance of counsel are reviewable for errors that are apparent on the record. See *People v Matuszak*, 263 Mich App 42, 48; 687 NW2d 342 (2004). "A claim of ineffective assistance of counsel presents a mixed question of fact and constitutional law." *People v Isrow*, 339 Mich App 522, 531; 984 NW2d 528 (2021) (quotation marks and citation omitted). "A trial court's findings of fact, if any, are reviewed for clear error, and this Court reviews the ultimate constitutional issue arising from an ineffective assistance of counsel claim de novo." *People v Swain*, 288 Mich App 609, 643; 794 NW2d 92 (2010) (quotation marks and citation omitted). Clear error exists where the reviewing court is left with a "definite and firm conviction" that the lower court made a mistake. *Isrow*, 339 Mich App at 531.

In order to prove ineffective assistance of counsel, "a defendant must show that (1) counsel's performance fell below an objective standard of reasonableness and (2) but for counsel's deficient performance, there is a reasonable probability that the outcome would have been different." *People v Trakhtenberg*, 493 Mich 38, 51; 826 NW2d 136 (2012). When evaluating this issue, there is a "strong presumption that trial counsel's decision-making is the result of sound trial strategy." *Isrow*, 339 Mich App at 532. Further, "[t]rial counsel's performance is presumed to be effective, and defendant has the heavy burden of proving otherwise." *Id.* at 531.

We conclude defense counsel was not ineffective for failing to object to the scoring of OVs 1, 2 and 9. "Failing to advance a meritless argument or raise a futile objection does not constitute ineffective assistance of counsel." *People v Ericksen*, 288 Mich App 192, 201; 793 NW2d 120 (2010). Because OVs 1, 2, and 9 were all scored appropriately, defense counsel was not required to make a futile objection, and counsel's performance regarding these OVs was not deficient.

However, as concluded above, the trial court did err in scoring OV 4, and defendant's trial counsel did not object to this error. We conclude a reasonably competent attorney would have reviewed the facts of defendant's case and discovered a lack of evidence to support a finding that Rice suffered a serious psychological injury requiring professional treatment. Thus, the performance of defendant's trial counsel fell below an objective standard of reasonableness because he failed to object to the scoring of OV 4 when there was no evidence to suggest that Rice, or anyone else during the incident, suffered a serious psychological injury which required or may require medical treatment.

There is also a reasonable probability that, had defendant's trial counsel objected to the scoring of OV 4, the outcome of defendant's carjacking sentence would have been different. For

---

[2] *People v Ginther*, 390 Mich 436; 212 NW2d 922 (1973).

-5-

defendant's carjacking conviction (a Class A offense), after properly assessing 0 points for OV 4, defendant's total OV score would be adjusted down to 55 points. Defendant's uncontested Prior Record Variable score of 10 and a total OV score of 55 points would place defendant within the cell of the Class A sentencing grid, for OV level III. See MCL 777.62. This would reduce defendant's carjacking sentence range from 108 to 180 months down to 81 to 135 months. See *Id*. Thus, the erroneous scoring of OV 4 had a substantial effect on defendant's sentencing guidelines range, and defense counsel's failure to argue the proper assessment of the sentencing guidelines satisfies the prejudice prong of the ineffective assistance of counsel test. Further, because defendant's sentence was based upon an inaccurate calculation of the guidelines range, defendant is entitled to resentencing on the carjacking conviction. See *Francisco*, 474 Mich at 92.

However, defense counsel was not ineffective for failing to object to the scoring of OV 4 regarding defendant's felonious assault sentence. The absence of the 10-point score for OV 4 would not alter defendant's guidelines range for that offense.[3] Thus, defendant was not prejudiced by the ineffective assistance of counsel regarding her felonious assault sentence.

We vacate defendant's carjacking sentence and remand for resentencing consistent with this opinion. We do not retain jurisdiction.

/s/ Christopher M. Murray
/s/ Thomas C. Cameron
/s/ Sima G. Patel

---

[3] For the felonious assault conviction (a Class F offense), defendant's total OV score was 60 points, which placed defendant in OV level III. Without the 10-point assessment for OV 4, defendant's total OV score would reduce to 50 points, which would still place defendant in OV level III. See MCL 777.67.